IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>Plaintiff,<br><br>v.<br><br>ATHENAHEALTH, INC.,<br><br>Defendant. | Civil Action No. 1:19-cv-11278-RGS |

## ANSWER TO AMENDED COMPLAINT

Defendant athenahealth, Inc. ("athenahealth") hereby answers the Amended Complaint, D.I. 24, of Plaintiff Uniloc 2017 LLC ("Uniloc") as follows. athenahealth denies all allegations except those that are specifically admitted.

### PARTIES

1. athenahealth lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and on that basis denies them.

2. Admitted.

### JURISDICTION AND VENUE

3. Admitted that subject matter jurisdiction is proper. To the extent not expressly admitted, athenahealth denies any remaining allegations in this Paragraph.

### COUNT I

(ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,324,578)

4. athenahealth incorporates its responses to Paragraphs 1-3 above by reference.

5. athenahealth lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and on that basis denies them.

6. athenahealth admits that it operated athenaNet. To the extent not expressly admitted, athenahealth denies any remaining allegations in this Paragraph.

7. Denied.

8. Denied.

9. Denied.

10. athenahealth admits that it was served with the complaint from the previous action between Uniloc and athenahealth in the Eastern District of Texas on May 17, 2017. To the extent not expressly admitted, athenahealth denies any remaining allegations in this Paragraph.

11. Denied.

12. Denied.

**COUNT II**

(INFRINGEMENT OF U.S. PATENT NO. 7,069,293)

13. athenahealth incorporates its responses to Paragraphs 1-12 above by reference.

14. athenahealth lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and on that basis denies them.

15. Denied.

16. athenahealth admits that it was served with the complaint from the previous action between Uniloc and athenahealth in the Eastern District of Texas on May 17, 2017. To the extent not expressly admitted, athenahealth denies any remaining allegations in this Paragraph.

17. Denied.

18. Denied.

**RESPONSE TO PRAYER FOR RELIEF**

athenahealth denies that Uniloc is entitled to any relief.

**FIRST AFFIRMATIVE DEFENSE**
**(Non-Infringement)**

19. athenahealth has not infringed and is not infringing, either directly, contributorily, or by inducement, either literally or under the doctrine of equivalence, or otherwise, any valid and enforceable claim of U.S. Pat. Nos. 6,324,578, or 7,069,293.

**SECOND AFFIRMATIVE DEFENSE**
**(Invalidity)**

20. The claims of U.S. Pat. Nos. 6,324,578, and 7,069,293, are invalid and/or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under Title 35 of the United States Code, including, but not limited to §§ 101, 102, 103, 112, and/or 116.

**THIRD AFFIRMATIVE DEFENSE**
**(License)**

21. U.S. Pat. Nos. 6,324,578, and 7,069,293 were formerly assigned to International Business Machines Corporation.

22. IBM is known to license its patents widely in the industry.

23. On information and belief, athenahealth's accused products and/or their use is licensed.

**FOURTH AFFIRMATIVE DEFENSE**
**(Equitable Defenses)**

24. Uniloc's claims for relief are barred, in whole or in part, under principles of equity including, but not limited to, prosecution laches, waiver, estoppel, and/or unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**
**(Lack of Knowledge)**

25. To the extent that Uniloc asserts that athenahealth indirectly infringes, either by contributory infringement or inducement of infringement, athenahealth is not liable for the acts

taking place without athenahealth's knowledge that its actions would allegedly cause infringement, and such knowledge does not exist. In addition, any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the alleged infringement of the claims of U.S. Pat. Nos. 6,324,578, and 7,069,293.

**SIXTH AFFIRMATIVE DEFENSE**
**(Lack of Control)**

26. Uniloc's claims for relief are barred because Uniloc's injuries, if any, were not caused by athenahealth and athenahealth is not liable for the acts of others over whom it has no control.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Prosecution History Estoppel)**

27. To the extent that Uniloc alleges infringement under the doctrine of equivalents, Uniloc's alleged cause of action is barred, including, without limitation, under the doctrine of prosecution history estoppel, claim vitiation, and/or recapture. By virtue of statements made, amendments made, and/or positions taken during prosecution and n the intrinsic record of U.S. Pat. Nos. 6,324,578, and 7,069,293 and the applications to which these patents claim priority, Uniloc is estopped from asserting that those patents cover or include any of the accused products or services of athenahealth.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Limitation on Damages)**

28. Uniloc's right to seek damages and other remedies from athenahealth is limited by 35 U.S.C. §§ 285, 286, 287, and/or 288, and may additionally be limited by 28 U.S.C. § 1498.

**NINETH AFFIRMATIVE DEFENSE**
**(Lack of Standing)**

29. Uniloc lacks standing to bring this action because Uniloc is not the Owner or proper party to assert the patents-in-suit.

**TENTH AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

30. The Amended Complaint fails to state a claim upon which relief can be granted, and the claim charts attached to the Amended Complaint fail to show that any accused instrumentality has each limitation of any asserted claim.

**RESERVATION OF RIGHTS**

athenahealth reserves all affirmative defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and all other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further investigation in this case.

Dated: September 27, 2019

/s/ *James N. Sebel*

Steven R. Katz (BBO #642732)
katz@fr.com
Christopher R. Dillon (BBO #640896
dillon@fr.com
Matthew C. Berntsen (BBO #678533)
berntsen@fr.com
Andrew G. Pearson (BBO #688709)
pearson@fr.com
James N. Sebel (BBO #693531)
sebel@fr.com

FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
Telephone: (617) 542-5070
Facsimile: (617) 542-8906
Attorneys for Defendant
ATHENAHEALTH, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 27th day of September, 2019.

/s/ *James N. Sebel*
James N. Sebel